IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| BRANDON GARDNER, )<br>)<br>    Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>    Respondent. ) | Case No. 16-3184 |

## OPINION

RICHARD MILLS, United States District Judge:

Pending is the Motion of Petitioner Brandon Gardner under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence.

### I.

Following a guilty plea to a single count of possession of a firearm by a felon, Brandon Gardner was sentenced to 188 months imprisonment, followed by five years of supervised release, in criminal case number 3:15-cr-30017. The Petitioner was sentenced under the Armed Career Criminal Act ("ACCA") and subject to a 180-month mandatory minimum.

The sentence imposed was pursuant to a plea agreement under Federal Rule of Criminal Procedure 15(c)(1)(A) and (C). The plea agreement included an appellate waiver and collateral attack waiver except in limited circumstances.

1

The Petitioner did not file a direct appeal. On June 24, 2016, the Petitioner filed the instant § 2255 motion, wherein he claims that aggravated assault no longer qualifies as a predicate offense under the ACCA and that trial counsel was ineffective for pleading the Defendant to a 188-month sentence and failing to challenge his qualification for sentencing under the ACCA. The Court directed the Government to respond to the Petitioner's motion. Subsequently, the Court directed the Petitioner's trial counsel, Aaron Calvert, to submit an affidavit answering the Petitioner's § 2255 motion.

The Petitioner was granted an extension to file a reply but no reply was filed.

II.

In Case Number 15-30017, the Petitioner's Presentence Investigation Report provided that he qualified for the 180-month mandatory minimum based on a 2008 conviction for manufacture/delivery of a controlled substance; a 2008 conviction for aggravated robbery and a 2012 conviction for aggravated assault. The Petitioner claims the aggravated assault conviction no longer qualifies as a violent felony. He does not challenge his convictions for manufacture/delivery of a controlled substance or aggravated robbery. The Petitioner contends that Attorney Calvert was ineffective in his representation because he unreasonably failed to challenge the Petitioner's status under the ACCA at sentencing, thereby exposing him to the mandatory minimum.

Because the Petitioner's claim involves allegations of ineffective assistance of counsel in negotiating the plea, the waivers do not preclude him from filing the § 2255 motion. *See Hurlow v. United States*, 726 F.3d 958, 965 (7th Cir. 2013). A petitioner alleging ineffective assistance of counsel in negotiating a plea agreement must show (1) that counsel's performance was deficient; and (2) that petitioner was prejudiced to such an extent that, but for counsel's errors, there is a reasonable probability that the outcome would have been different. *See Gaylord v. United States*, 829 F.3d 500, 506 (7th Cir. 2016). "In other words, a defendant must demonstrate a reasonable probability that the outcome of the plea process would have been different with competent advice." *Id*. (internal quotation marks omitted).

Because the Petitioner asserted ineffective assistance of counsel, the Court found that he had waived attorney-client privilege and Attorney Calvert filed an affidavit concerning his communications with the Petitioner during the change of plea and plea negotiations and also with respect to the PSR and any objections to be made. Attorney Calvert's affidavit is attached to the Government's response.

The Petitioner alleges Attorney Calvert's performance was deficient because he failed to challenge the inclusion of his conviction for aggravated assault in determining he was subject to the 15-year mandatory minimum. If that conviction had not been included, the Petitioner claims he would have been subject to a 10-

year maximum sentence. The Petitioner asserts that Attorney Calvert failed to advise him of challenging his aggravated assault conviction under *Johnson v. United States*, 135 S. Ct. 2551 (2015). He contends that if he had been aware of the *Johnson* decision, the Petitioner would have taken his case to trial based on the fact he faced no more than a 10-year minimum if convicted.

In his affidavit, Attorney Calvert denies each of the Petitioner's claims. Attorney Calvert states that (1) he became aware of *Johnson* during his representation of Petitioner; (2) he specifically researched whether the Petitioner's conviction for aggravated assault qualified as a crime of violence under the ACCA; (3) he met with the Petitioner to discuss the impact of *Johnson* on his case and provided the Petitioner with a copy of the *Johnson* decision to review; (4) based on his research, he believed the Petitioner's conviction qualified as a crime of violence; and (5) as part of negotiations with the Government, he convinced the United States to forego an escape charge against the Defendant.

Also attached to the Government's response is a copy of a letter dated March 4, 2016, that Attorney Calvert initially sent to the Probation Office wherein he challenged the Petitioner's status under the ACCA. Subsequently, Attorney Calvert withdrew his objection to the Petitioner's ACCA status. However, the letter shows that counsel actively researched whether the Petitioner's aggravated

assault conviction qualified as a conviction for a crime of violence after the *Johnson* decision.

Because Attorney Calvert initially objected to the PSR when the probation officer determined that Petitioner's conviction for aggravated assault qualified as a crime of violence under the ACCA, the Court concludes that he was aware of the potential issues raised by *Johnson* and researched the impact of *Johnson* on the Petitioner's case. Attorney Calvert states that he sent a copy of *Johnson* to the Petitioner and discussed the issue with the Petitioner on numerous occasions. Eventually, Attorney Calvert came to believe that Petitioner's conviction qualified as a crime of violence and did not fall under the residual clause. Attorney Calvert also made a strategic decision in the hopes of obtaining a sentence as low as possible. He states that based on these efforts, the Government agreed not to pursue potential escape charges against the Petitioner.

Based on these representations and supporting documentation, the Court finds it is extremely unlikely that Attorney Calvert failed to discuss the issue with the Petitioner. The Court further notes at the time of the Petitioner's case, there was a great deal of uncertainty as to what qualifies as a crime of violence under the ACCA. Accordingly, the Court concludes that Attorney Calvert's performance was not deficient, or objectively unreasonable. He is thus unable to establish the first prong of ineffective assistance of counsel. Because the Petitioner's § 2255

motion fails on the first prong, the Court need not consider whether the Petitioner was prejudiced.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability. Upon reviewing the entire record, the Court concludes that the Petitioner has not made a substantial showing of the denial of a constitutional right as required under 28 U.S.C. § 2253(c)(2). Accordingly, the Court will deny a certificate of appealability.

Ergo, the Motion of Petitioner Brandon Gardner to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [d/e 1] is DENIED.

Because the Petitioner has not made a substantial showing of the denial of a constitutional right, the Court hereby denies the Petitioner a certificate of appealability under Rule 11(a).

The Petitioner may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

The Clerk will enter Judgment and terminate this case.

ENTER: October 8, 2019

FOR THE COURT:

/s/ *Richard Mills*
Richard Mills
United States District Judge